| | |
|---|---|
| 1 | DANIEL J. BRODERICK, Bar #89424<br>Federal Defender |
| 2 | Lexi Negin, Bar #250376<br>Assistant Federal Defender |
| 3 | 801 I Street, 3rd. Floor<br>Sacramento, California 95814 |
| 4 | Telephone: (916) 498-5700 |
| 5 | Attorney for Defendant<br>JAMESON K. KEPA |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. CR-S-11-00328 KJM |
|---|---|
| Plaintiff, | ) **STIPULATION AND ORDER TO CONTINUE STATUS HEARING AND PROTECTIVE ORDER GOVERNING FORENSIC COMPUTER EXAMINATION AND TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT** |
| v. | |
| JAMESON K. KEPA, | |
| Defendant. | ) Date: February 27, 2012<br>) Time: 8:30 a.m.<br>) Judge: Kimberly J. Mueller |

It is hereby stipulated and agreed to between the United States of America through MATTHEW G. MORRIS, Assistant U.S. Attorney, and defendant, JAMESON K. KEPA by and through his counsel, LEXI NEGIN, Assistant Federal Defender, that the status conference set for Monday, February 27, 2012, be continued to Tuesday, May 29, 2012, at 8:30 a.m. It is further stipulated that the Court should approve the proposed protective order governing the defense expert's forensic examination of the computer data in this case.

In order to advise the defendant adequately, the defense of this case requires a forensic evaluation by a knowledgeable expert of the computer hard drives which the government alleges contain images of child pornography. The parties have agreed that the attached proposed order should govern the defense examination of the computer media and request that the Court approve the attached proposed order.

///

//

Both parties agree that more time is needed to accomplish the forensic review of the evidence and that the process is time-consuming. Both parties are working diligently to accomplish this task and move the case forward. Once the forensic examination is completed, defense counsel will need time to consult with the expert and the defendant. Thus the parties agree that more time is needed in order to provide the defendant with adequate counsel.

It is further stipulated that the time period from the date of this stipulation, February 17, 2012, through and including the date of the new status conference hearing, May 29, 2012, shall be excluded under the Speedy Trial Act (18 U.S.C. §3161(h)(7)(A) &(B)(iv) and Local Code T4, due to the need to provide defense counsel with the reasonable time to prepare, and that the ends of justice to be served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

DATED: February 17, 2012

Respectfully submitted,

| | |
|---|---|
| BENJAMIN B. WAGNER | DANIEL J. BRODERICK |
| United States Attorney | Federal Defender |
| | |
| By: | |
| */s/ Lexi Negin for* | */s/ Lexi Negin* |
| MATTHEW G. MORRIS | LEXI NEGIN |
| Assistant U.S. Attorney | Assistant Federal Defender |
| Attorney for United States | Attorney for Defendant |
| | JAMESON K. KEPA |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMESON K. KEPA,<br><br>                Defendant. | CASE NO. CR-S-11-00328 KJM<br><br>**ORDER TO CONTINUE STATUS HEARING AND PROTECTIVE ORDER GOVERNING FORENSIC COMPUTER EXAMINATION AND TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**<br><br>Date:  February 27, 2012<br>Time:  8:30 a.m.<br>Judge:  Kimberly J. Mueller |

**ORDER**

IT IS HEREBY ORDERED AS FOLLOWS:

1. The United States shall make a duplicate copy of the hard drive and any other storage media available for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Lexi Negin, defense paralegal Julie Denny or another member of the defense team, and defendant's proposed expert, Marcus Lawson or a colleague at the same employer, Global CompuSearch LLC, to review at the Sacramento High Tech Task Force offices in Sacramento, California, for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person;

3. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination. The expert shall have access to the room during normal business hours unless a need arises for the access to be extended. When such extra access is needed, upon 24 hours notice provided by the expert, the FBI will provide the defense team access to the private room 24 hours per day, 7 days per week.

4. The expert will be permitted to bring whatever equipment, books, or records he believes may be necessary to conduct the examination. The defense team will be allowed use of private cellular telephones

and private devices with internet access when in the private room. At no time will any law enforcement officer take custody of any private cellular telephone or private devices with internet access without first obtaining a warrant from the Court;

5. Neither the defense expert nor defense attorneys nor the defense paralegal shall remove the hard drive or other storage media from the confines of the law enforcement office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered. The expert will certify in writing (using the attached certification), that he has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files.

7. Except when a defense expert fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "wiped" clean.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

10. Based on the reasons set forth in the stipulation of the parties filed on February 16, 2012, and good cause appearing therefrom, the Court adopts the stipulation of the parties in its entirety. IT IS HEREBY ORDERED that the status conference currently scheduled for Monday, February 27, 2012, be vacated and that the case be set for **Tuesday, May 29, 2012, at 8:30 a.m.** The Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, IT IS HEREBY ORDERED that, for the reasons stated in the parties' February 17,

2012, stipulation, the time within which the trial of this matter must be commenced under the Speedy Trial Act is excluded during the time period from the date of this stipulation, February 17, 2012, through and including May 29, 2012, pursuant to 18 U.S.C. §3161(h)(7)(A)&(B)(iv) [reasonable time to prepare] and Local Code T4.

DATED: February 17, 2012.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | ) | CASE NO. CR-S-11-328 KJM |
|---|---|---|
| Plaintiff, | ) | CERTIFICATION OF EXPERT |
| v. | ) | |
| JAMESON K. KEPA, | ) | |
| Defendant. | ) | |

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____        _____
                                EXPERT